UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES GLASPERIL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08 CV 01393 CAS (LMB) |
| ) | |
| OMER CLARK, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Charles Glasperil for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

### Procedural History

Petitioner is presently incarcerated at Southeast Correctional Center in Charleston, Missouri, pursuant to the judgment and sentence of the Circuit Court of the City of St. Louis, Missouri. On September 22, 2004, petitioner was found guilty after a jury trial of robbery in the first degree and armed criminal action. See Respondent's Exhibit E at 365. He was sentenced to a term of imprisonment of 25 years on the robbery count and a concurrent term of 5 years for the armed criminal action count. See Resp't Ex. E at 372.

Petitioner raised two points on direct appeal of his convictions. See Resp't Ex. A. Petitioner first argued that the trial court plainly erred and abused its discretion in permitting the

1

State to charge petitioner, a juvenile at the time of the offense, with first degree robbery and armed criminal action when the juvenile petition dismissed by the family court had charged petitioner with first degree robbery and second degree assault. See id. at 9. Petitioner also claimed that the trial court erred and abused its discretion in overruling defense counsel's objection regarding the testimony of Barbara Hathorne that petitioner sold her crack. See id. at 11. On November 1, 2005, the Missouri Court of Appeals for the Eastern District affirmed petitioner's convictions. See Resp't Ex. F.

On January 3, 2005, petitioner filed a pro se motion to vacate, set aside or correct the judgment of the Circuit Court of the City of St. Louis, Missouri, pursuant to Missouri Supreme Court Rule 29.15. See Resp't Ex. I at 3-13. After appointment of counsel, petitioner filed an amended motion to vacate, set aside, or correct judgment and sentence and request for evidentiary hearing, pursuant to Missouri Supreme Court Rule 29.15. See id. at 23-40. In this motion, petitioner argued that he was denied effective assistance of counsel for the following reasons: (1) trial counsel failed to file a motion to quash or dismiss the indictment or a motion to remand for further proceedings in the family court to challenge the family court's order granting the juvenile officer's motion to dismiss the petition; and (2) trial counsel advised petitioner to waive his statutory right to jury sentencing and failed to inform petitioner it was his ultimate decision to make regarding his right to have the jury assess punishment. See id. On December 1, 2006, the motion court denied petitioner's motion for post-conviction relief and request for evidentiary hearing. See id. at 42-48.

Petitioner timely filed a notice of appeal from the denial of post-conviction relief. See id. at 51. Petitioner raised two claims on appeal. See Resp't Ex. G. Petitioner first claimed that trial

counsel was ineffective for failing to file a motion to quash or dismiss the indictment or a motion to remand for further proceedings in the family court to challenge the family court's decision to relinquish jurisdiction so petitioner could be prosecuted as an adult in the circuit court.  See id. at 11.  Petitioner next argued that trial counsel was ineffective for advising petitioner to waive his statutory right to jury sentencing and for failing to inform petitioner it was his ultimate decision whether to waive his right to have the jury assess punishment.  See id.  On October 16, 2007, the Missouri Court of Appeals for the Eastern District affirmed the judgment of the trial court.  See Resp't Ex. J.

On September 10, 2008, petitioner, pro se, filed a petition for a writ of habeas corpus, raising the following grounds for relief: (1) the trial court plainly erred and abused its discretion in permitting the state to pursue charges of robbery in the first degree and armed criminal action against petitioner when the juvenile petition which the family court dismissed to permit the state to pursue charges against petitioner as an adult charged petitioner with robbery in the first degree and assault in the second degree; (2) the trial court erred and abused its discretion in overruling defense counsel's objection to Barbara Hathorne's testimony that petitioner had sold her crack; (3) petitioner received ineffective assistance of counsel in that trial counsel failed to file a motion to quash or dismiss the indictment or a motion to remand for further proceedings in the family court to challenge the family court's decision to relinquish jurisdiction; and (4) petitioner was denied effective assistance of counsel in that trial counsel advised petitioner to waive his statutory right to jury sentencing and failed to inform petitioner it was his ultimate decision whether to waive his right to have the jury assess punishment.  See Doc. No. 1-2.

On November 10, 2008, respondent filed a Response to Order to Show Cause, in which

he argues that petitioner's first ground for relief is non-cognizable and fails on its merits, while the rest of petitioner's grounds for relief fail on their merits. See Doc. 10. On April 13, 2009, petitioner filed a traverse in which he provides further argument in support of the claims raised in his petition. See Doc. No.14.

## **Facts**

The sufficiency of the evidence is not at issue. The motion court summarized the relevant facts as follows:

> The evidence of record at Glasperil's trial established beyond a reasonable doubt that on December 28, 2002, St. Louis police officers responded to a reported robbery at 4822 Labadie. The victim of the robbery was Keith Harvey, an entrepreneur who sold clothes from his van. Glasperil and two associates approached Harvey that day purportedly to buy clothes. When Mr. Harvey gave them access to his van, Glasperil pulled a gun and demanded the keys to the van. Harvey refused and Glasperil hit him on the side of his head with the gun. Glasperil and his associates then fled on foot taking approximately $3000 worth of clothes. Glasperil was found by police walking in [a] nearby alley with a bag of clothes from the van. The arresting officers brought Glasperil back to the scene of the incident and he was positively identified by the victim as the perpetrator of the robbery.
>
> Glasperil was a juvenile at the time of the crime. The petition and amended petition in Family Court alleged three separate offenses: robbery first degree, armed criminal action, and assault second degree. In due course, the juvenile officer filed a motion to dismiss the Family Court proceedings and to "certify" Glasperil for prosecution in adult court. In its opinion, the Family Court lucidly and emphatically found that the Harvey robbery was part of a repetitive pattern of offenses committed or allegedly committed by Glasperil. The Family Court cited Glasperil's 18 referrals to the Juvenile Court, five of which were for felonies. Noting that Glasperil had exhausted the services available to him as a juvenile and recognizing that his age left him little time under the purview of the Juvenile Code, the Court concluded that there was no reasonable prospect of his reform within the juvenile system. The Court then declared Glasperil beyond rehabilitation under the Juvenile Code and certified him to be prosecuted under the general laws of the state. Family Court Order, pp. 4-5. Upon certification, the Circuit Attorney elected not to charge Glasperil with assault. However, the evidence at trial showed that the victim had been struck with a weapon by at least one of the perpetrators of the robbery. Tr. 187, 189.

(Resp't Ex. I at 44-45).

4

## I. Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." 529 U.S. at 413, 120 S. Ct. 1523. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409, 120 S. Ct. 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of

5

federal law is different from an incorrect application of federal law." Id. at 1410, 120 S.Ct. 522.

## II.     Petitioner's Claims

Petitioner raises four grounds for relief. The undersigned will address each ground for relief in turn.

### 1.     Ground One

In his first ground for relief, petitioner argues that the trial court plainly erred and abused its discretion in permitting the state to charge him with robbery in the first degree and armed criminal action because the juvenile petition charged him with robbery in the first degree and assault in the second degree, but not armed criminal action. Petitioner contends that, because the charges on which he was indicted differed from the charges upon which his adult certification was based, the trial court lacked jurisdiction over him.

Respondent argues that petitioner's claim is non-cognizable in a federal habeas action because petitioner challenges the state court's application of state law. Respondent further argues that petitioner's claim is without merit, in that neither state nor federal law requires that charges filed in the circuit court be the same as those filed in the juvenile court.

The Missouri Court of Appeals, reviewing for plain error, held as follows with regard to petitioner's claim:

>    When a juvenile court waives jurisdiction over a youth to allow prosecution for a particular criminal act in accordance with Section 211.031.1(3), it is then up to the prosecutor to select the charge to be lodged against the offender. *Scott v. State*, 691 S.W.2d 291, 294 (Mo. App. W.D. 1985) (holding that the prosecutor was within his discretion to charge defendant with capital murder, even though the juvenile officer had based juvenile court jurisdiction upon a violation of the first-degree murder statute). The prosecutor is not limited to the charge that the juvenile officer chose to frame the allegation of juvenile court jurisdiction. *Id.* The same act can form the basis for the juvenile and the adult charges. *Id.*

6

> In this case, Juvenile Officer filed a first amended petition which alleged that Defendant committed both first degree robbery and second degree assault. After the trial court dismissed the petition and certified Defendant as an adult, the State charged Defendant with first degree robbery and armed criminal action based on the same conduct. Once the juvenile court certified Defendant as an adult, the juvenile court waived its jurisdiction over him and granted jurisdiction to the courts of general jurisdiction. The State then had discretion to charge Defendant under any statute so long as it based those charges on the same conduct that was considered during the adult certification. Since the charges were based on the same conduct that was considered during the adult certification, we cannot say the trial court plainly erred or abused its discretion when it permitted the State to charge Defendant with first degree robbery and armed criminal action.

Resp't Ex. F at 4-5.

First, petitioner's claim is non-cognizable in this court's federal habeas corpus review. Petitioner challenges the State court's application of State law. Errors of state law are not cognizable in federal habeas courts. See 28 U.S.C. § 2254(a). In reviewing a habeas petition, the federal court is limited to deciding whether a conviction has violated the Constitution, laws, or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).

Further, petitioner's claim fails on its merits, as neither Missouri nor federal law requires that charges filed in circuit court be the same as those filed in the juvenile court. See Scott v. State, 691 S.W.2d 291, 294 (Mo. Ct. App. 1985) ("The prosecutor is not limited to the charge which the juvenile officer chose to frame the allegation of juvenile court jurisdiction"); Girtman v. Lockhart, 942 F.2d 468, 476 (8th Cir. 1991) (quoting People of Territory of Guam v. Kingsbury, 649 F.2d 740, 743 (9th Cir. 1981) ("In the context of juvenile certification procedures, due process requires the right to counsel, to adequate notice and to a statement of reasons at a hearing to determine whether a juvenile is to be tried as an adult").

7

In this case, both the original juvenile charges and the circuit court charges arose from the same facts. Under Missouri law, the prosecutor had discretion to charge petitioner with armed criminal action instead of assault. Petitioner received a hearing in connection with the juvenile certification proceeding, during which he was represented, and the Juvenile Officer testified regarding her motion to dismiss the petition. The family court issued specific findings in support of its decision to certify petitioner as an adult. As such, the juvenile certification procedure comported with due process.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.

**2.      Ground Two**

In petitioner's second ground for relief, he argues that the trial court erred in over-ruling his objection regarding Barbara Hathorne's testimony that he had sold her crack. Petitioner claims that whether he sold Ms. Hathorne crack in the past was irrelevant to any issue to be determined by the jury and its prejudicial effect far outweighed any probative value of the testimony.

Respondent argues that the admission of limited evidence regarding petitioner's sale of narcotics to Ms. Hathorne did not fatally infect the trial because the evidence was offered for the non-propensity purpose of showing that Ms. Hathorne was biased toward petitioner.

At trial, petitioner called Ms. Hathorne as a witness in his defense. During the State's cross-examination of Ms. Hathorne, the prosecutor approached the bench and the following exchange occurred:

>     [PROSECUTOR]:  Your Honor, I wanted to consult with you before I went into

>   this line of questioning. The victim yesterday stated that the defendant supplies her with her crack, and she admits that she's a crack addict. It's clearly motive to all of a sudden lie like she is.
>
>   [DEFENSE COUNSEL]: Any possible relevance that might have to motive is grossly outweighed by the prejudicial effect it would have on the jury. The issue is not whether her recreational habits -
>
>   [PROSECUTOR]: You knew what she said.
>
>   [DEFENSE COUNSEL]: I was talking to the Court.
>
>   [PROSECUTOR]: All right. I apologize.
>
>   THE COURT: Well, you know, I'll allow it, [Prosecutor]. I'll overrule the objection, but, obviously, you're going to be bound by her answer.
>
>   [PROSECUTOR]: Um-hum.
>
>   THE COURT: Okay.

(Resp't Ex. E at 311). Later, in the presence of the jury, the following testimony was elicited from Ms. Hathorne by the prosecutor:

>   [PROSECUTOR]: All right. So you don't want to get Charles Glasperil in trouble, do you?
>
>   [MS. HATHORNE]: I don't want to get anyone in trouble.
>
>   [PROSECUTOR]: You don't want to get him in trouble. You see him out in the street everyday.
>
>   [MS. HATHORNE]: Okay, and?
>
>   [PROSECUTOR]: And you- and more than that, you purchased your crack cocaine from him.
>
>   [MS. HATHORNE]: I have in the past.

Id. at 313.

On direct appeal, the Missouri Court of Appeals found that the trial court did not abuse its

9

discretion when it overruled petitioner's objection to Ms. Hathorne's testimony that she had purchased crack from petitioner. See Resp't Ex. F at 9-10. The Court found that the testimony regarding the relationship between petitioner and Ms. Hathorne was relevant because it showed her interest and bias toward petitioner. Id. at 9. The Court also found that the probative value of Ms. Hathorne's testimony outweighed its prejudicial effect in that petitioner failed to demonstrate there was a reasonable probability the verdict would have been different if the testimony had been absent. Id.

Generally, questions concerning the admissibility of evidence are matters of state law, and the issue on habeas review is not whether the evidence was properly admitted under state law. See Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). Evidentiary issues can form the basis for federal habeas relief if the error constitutes an independent constitutional violation. See Bounds v. Delo, 151 F.3d 1116, 1119 (8th Cir. 1998). "A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Id. (quoting Parker v. Bowersox, 94 F.3d 458, 460 (8th Cir. 1996)). To meet this standard, a petitioner must show a reasonable probability that the evidentiary errors affected the trial's outcome. See Meadows v. Delo, 99 F.3d 280, 283 (8th Cir. 1996). Also, the admission of evidence of prior bad acts does not rise to the level of a constitutional violation when admitted for a legitimate purpose, such as to prove motive or intent. See Clark v. Groose, 16 F.3d 960, 963 (8th Cir. 1994)

In the present case, petitioner has not shown a reasonable probability that Ms. Hathorne's testimony that she purchased crack from petitioner fatally infected the trial and deprived him of

due process. Petitioner contends that Ms. Hathorne's testimony was irrelevant and its probative value did not outweigh its prejudicial value. Under Missouri law, however, the interest or bias of a witness is always relevant. See State v. Foster, 68 S.W.3d 530, 532 (Mo. Ct. App. 2001). Ms. Hathorne's testimony regarding her purchase of crack from petitioner demonstrated an existence of a relationship, which was relevant to show Ms. Hathorne's interest and bias toward petitioner.

Furthermore, the prosecution presented ample evidence of petitioner's guilt. The prosecution presented evidence of the 911 emergency call made by Mr. Harvey in addition to Mr. Harvey's testimony. (Resp't Ex. E at 179, 180-228). This testimony described details of the event, including the identification of petitioner as one of the individuals who pointed a gun at him during the robbery. The prosecution also presented evidence from Officer Owens, who had responded to the scene. (Resp't Ex. E at 245). Officer Owens testified to apprehending petitioner and finding items belonging to Mr. Harvey in petitioner's possession. (Resp't Ex. E at 251-52). The prosecution called Officer Nazetta, who testified that Ms. Hathorne was at the scene of the crime and corroborated Mr. Harvey's story. (Resp't Ex. E at 327). Officer Nazetta also testified that Ms. Hathorne identified petitioner as one of the persons who committed the robbery. (Resp't Ex. E at 328). In light of the substantial amount of evidence of petitioner's guilt presented by the prosecution, petitioner cannot show he was prejudiced by Ms. Hathorne's testimony.

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

**3.     Ground Three**

In petitioner's third ground for relief, he argues that he received ineffective assistance of counsel when trial counsel failed to seek remand of the case to the juvenile court after the victim

11

recanted his testimony regarding petitioner's violent actions.

Respondent argues that the juvenile court's decision to certify petitioner as an adult was not based solely on his alleged act of violence, but rather petitioner's eighteen referrals to the juvenile court, including five for felonies. Respondent further claims that no prejudice arose from the trial counsel's failure to raise a claim, because it had little likelihood of success on the merits.

In its February 26, 2003 decision certifying petitioner as an adult, the juvenile court found that petitioner was not a proper subject to be dealt with under the juvenile law and there were no reasonable prospects for rehabilitation within the juvenile justice system. See Resp't Ex B at A4. The juvenile court made the following findings: 1) the protection of the community required transfer of the matter to a court of general jurisdiction considering petitioner's three prior adjudications in the juvenile justice system, one of which was for a felony; 2) the offenses alleged were against persons and petitioner's participation involved both force and violence in that he threatened use of a gun, which he used to strike the victim on the side of the head; 3) the offenses alleged were part of a repetitive pattern of offenses which included eighteen referrals to the court, five of which were for felonies including second degree robbery and unlawful use of a weapon; 4) petitioner is both sophisticated and streetwise in that the offenses alleged were adult-like crimes; 5) the age of petitioner neither precluded nor required certification; 6) the juvenile justice system had no suitable programs and facilities in that there was insufficient time for rehabilitation of petitioner within the juvenile justice system; and 7) petitioner was beyond rehabilitation under the juvenile code in that he was still committed to the Division of Youth Services and within three months of his release to aftercare in his father's home he committed the alleged offenses. Id. at A4-6.

The Missouri Court of Appeals held as follows with regard to petitioner's claim:

> Pursuant to section 211.071.1 RSMo (2000), if a petition alleges that a child between the ages of twelve and seventeen has committed an offense that would be considered a felony if committed by an adult, the court has discretion to dismiss the petition and transfer the cause to a court of general jurisdiction to be prosecuted under the general laws of the state. Section 211.071.6 enumerates ten factors to be considered by the court in determining whether the juvenile is a proper subject for the provisions of the juvenile code. It is not necessary for the juvenile court to give equal weight to the factors, nor is the court required to make an express finding on each factor.
>
> [Petitioner] argues that the juvenile court's decision to waive jurisdiction and allow [petitioner] to be tried as an adult was based largely upon [petitioner's] alleged conduct of striking the victim on the head with a gun. The victim later recanted this allegation, and as a result, [petitioner] argues that the facts upon which the juvenile court's decision was made were incorrect. [Petitioner] claims that counsel was ineffective for failing to bring this to the attention of the juvenile court. He argues that if the juvenile court was aware of the change in the underlying facts, there was a "reasonable probability" that the court would have determined that adjudication of the charges against [petitioner] as a juvenile was appropriate. We disagree.
>
> As noted by the motion court, the juvenile court made "comprehensive" findings concerning its decision to relinquish jurisdiction. In fact, the juvenile court's judgment dismissing the petition included findings regarding seven of the ten factors set forth in section 211.071.6. The juvenile court cited [petitioner's] prior adjudications in the juvenile system, his repetitive pattern of offenses, his sophisticated and streetwise nature, the lack of suitable programs and facilities for [petitioner], insufficient time for rehabilitation of [petitioner] within the juvenile system, and the fact that [petitioner] was beyond rehabilitation under the juvenile code because he had exhausted the services available to him. Of the several reasons enumerated by the juvenile court in its decision to relinquish jurisdiction, only one of these was the alleged act of striking the victim on the head with a gun. Given the juvenile court's careful consideration of several factors regarding whether [petitioner] should be dealt with under the provisions of the juvenile code, we cannot conclude that had counsel sought to remand the matter to the juvenile court, the outcome would have changed. As a result, the trial court did not clearly err in denying [petitioner's] request for post-conviction relief based upon counsel's alleged ineffectiveness. Point denied.

Resp't Ex. J at 4-5.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney

13

would exercise under similar circumstances, and additionally, the petitioner must show that he was prejudiced by his attorney's action or inaction. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id. "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694, 104 S.Ct. at 2068. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693, 104 S.Ct. at 2067. A habeas petitioner "must overcome the strong presumption that in the circumstances of his case 'the challenged action might be considered sound trial strategy.'" Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995) (quoting Strickland, 466 U.S. at 689, 104 S.Ct. at 2065).

In this case, the Missouri Court of Appeals conducted a proper Strickland analysis and found that petitioner was unable to demonstrate prejudice as a result of trial counsel's failure to seek remand to the juvenile court. In its decision to certify petitioner as an adult, the juvenile court made findings on seven of the ten factors found in Section 221.071.6 RSMo. The court found each of the seven factors weighed in favor of dismissing the petition. Only one of these factors concerned the alleged act of petitioner striking Mr. Harvey on the head with a gun. Significantly, the court noted that petitioner had eighteen referrals to the court, five of which were for felonies. As such, even if petitioner's counsel had sought remand to the juvenile court, the petitioner has not shown the result would have been different.

Accordingly, the undersigned recommends that petitioner's third ground for relief be

denied.

**4.     Ground Four**

In petitioner's fourth ground for relief, he argues that he was denied effective assistance of counsel when trial counsel advised him to waive his statutory right to jury sentencing and failed to inform petitioner it was his ultimate decision whether to waive this right.

Respondent argues that petitioner cannot show that trial counsel acted unreasonably because petitioner reiterated his written waiver of jury sentencing in open court. Respondent contends that even if counsel had failed to adequately explain to petitioner his right to jury sentencing, petitioner cannot demonstrate prejudice.

The Missouri Court of Appeals held as follows with regard to petitioner's claim:

> Section 557.036.3 RSMo (Cum. Supp. 2003) provides that if a jury finds a defendant guilty, the trial proceeds to a second stage at which the issue is the punishment to be assessed. Section 557.036.4(1) states the trial will not progress to the second stage and the court, not the jury, will assess punishment if the defendant makes such a request in writing. While there is no constitutional right to jury sentencing, there is a statutory right to jury sentencing under section 557.036 unless a defendant waives that right. *State v. Weaver*, 178 S.W.3d 545, 547 (Mo. App. 2005). The court in *Weaver* looked to *State v. Emery*, 95 S.W.3d 98, 102 (Mo. banc 2003), to determine what is required for a valid waiver of the statutory right to jury sentencing. The right to jury sentencing is waived when the defendant allows the judge to determine punishment without invoking his statutory right. *Weaver*, 178 S.W.3d at 547; (citing *Emery*, 95 S.W.3d at 102). In *Emery*, the Missouri Supreme Court determined that the defendant waived his statutory right when he "chose to sit on his statutory right," and therefore, the defendant was not entitled to a jury-imposed sentence. *Id.* at 103.
> Here, instead of simply choosing to "sit on his statutory right," [Glasperil] affirmatively filed a formal request for court-assessed punishment in the event of a finding of guilt. Additionally, the court addressed the issue on the record during trial. The following discussion occurred between the court and [Glasperil]:
>
>> COURT: Your lawyer filed a memorandum several weeks ago, indicating you wish to give up the right to have the jury decide punishment in your case. Is that your wish?
>> [Glasperil]: Right, that you was going to decide the punishment?

15

> COURT: Correct, sentencing would be by the Court.
> [Glasperil]: Yes, sir.
>
> The court gave [Glasperil] another opportunity to complain about the court-assessed punishment prior to entering the sentence. The court asked if [Glasperil] knew of any legal reason [why] sentence should not be pronounced, and [Glasperil] made no claim concerning his statutory right to jury sentencing. [Glasperil] affirmatively sought court-assessed punishment through the filing of his request. [Glasperil] also failed to assert his statutory right to jury sentencing during trial when specifically asked about the issue by the court. As a result, the motion court did not clearly err in denying [Glasperil's] request for post-conviction relief based upon his allegations of ineffective assistance of counsel concerning the waiver of his right to jury sentencing. Point denied.

Resp't Ex. J at 6-7.

The Missouri Court of Appeals performed a proper Strickland analysis. The record on its face tends to refute petitioner's claim that he did not know he had a statutory right to have the jury assess punishment and that he wanted the jury to assess his punishment. When petitioner was asked in open court if he wished to waive his right to have the jury decide punishment, he responded in the affirmative. (Resp't Ex. E at 111). "Solemn declarations in open court carry a strong presumption of verity." Blackledge v Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). As such, petitioner is unable to show that his counsel acted unreasonably.

Furthermore, petitioner has failed to demonstrate prejudice. Petitioner contends that the outcome would have been different if the jury had decided his sentence rather than the court. A jury's alleged propensity towards harshness or fairness, however, cannot establish prejudice. See Strickland, 466 U.S. at 694-95, 104 S.Ct. 2068. Thus, even if petitioner's attorney did not inform petitioner of his statutory right to a jury recommended sentence, petitioner was not prejudiced by allowing the court to assess his punishment.

Accordingly, the undersigned recommends that petitioner's fourth ground for relief be

denied.

## III. Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997)(citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)); Tokar v. Bowersox, 1 F.Supp.2d 986, 1016 (E.D. Mo. 1998). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Charles Glasperil for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied.**

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued. The parties are advised they have fourteen (14) days, in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this 15th day of August, 2011.

_____
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE